16-2747 (L)
Pacific Employers Ins. Co. v. Travelers Casualty and Surety

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of July, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             PETER W. HALL,
                     *Circuit Judges*.
_____

PACIFIC EMPLOYERS INSURANCE COMPANY,

         *Plaintiff-Appellant-Cross Appellee*,

         v.                                            16-2747-cv (L)
                                                       16-2783-cv (XAP)
                                                       16-2894-cv (XAP)

SAINT FRANCIS CARE INC., DBA SAINT FRANCIS HOSPITAL AND MEDICAL CENTER, TRAVELERS CASUALTY AND SURETY COMPANY, SUCCESSOR AETNA CASUALTY AND SURETY COMPANY, STANDARD FIRE INSURANCE COMPANY,

         *Defendants-Appellees-Cross Appellants*,

EVANSTON INSURANCE COMPANY,

         *Defendant-Appellee*.
_____

Appearing for Appellant-:    Jonathan D. Hacker, O'Melveny & Myers LLP (Tancred V.
Cross-Appellee:              Schiavoni, Gary Svirsky, Samantha M. Goldstein, *on the brief*)
                             Washington, D.C.


Appearing for Appellee-
Cross-Appellant
Travelers Casualty
Insurance Company:           Kevin J. O'Connor, Hermes, Netburn, O'Connor & Spearing, P.C.
                             (Peter C. Netburn, *on the brief*), Boston, MA


Appearing for Appellee-
Cross-Appellant Saint
Francis Care Inc.:           Seth A. Tucker, Covington & Burling, LLP (Rachel G. Snidow,
                             Covington & Burling; Gregory W. Nye, Bracewell LLP, Hartford,
                             CT, *on the brief*) Washington, D.C.


Appearing for Appellee
Evanston Insurance
Company:                     Evan Shapiro, Skarzynski Black LLC (Jonathan A. Sorkowitz, *on
                             the brief*), New York, N.Y.

Appeal from the United States District Court for the District of Connecticut. (Kravitz, *J.*;
Underhill, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Pacific Employers Insurance Company ("PEIC") appeals from the July 11, 2016
amended judgment of the United States District Court for the District of Connecticut (Kravitz, *J.*;
Underhill, *J.*) denying PEIC's request for certain declaratory relief regarding the obligation of
Travelers Casualty Insurance Company and Evanston Insurance Company to defend and
indemnify their common insured, Saint Francis Care Inc. ("Hospital"). Travelers cross-appeals
from Judge Kravitz's August 3, 2012 memorandum of decision finding that Travelers had a dual
duty to defend under both general liability ("GL") and hospital professional liability ("HPL")
coverage parts of its policies. Saint Francis cross-appeals from the district court's refusal to
allocate defense costs between the GL and HPL parts of Travelers' policies. We assume the
parties' familiarity with the underlying facts, procedural history, and specification of issues for
review.

We affirm, primarily for the reasons set forth in the thorough opinions of the district court
below. The late Dr. George Reardon was an endocrinologist at St. Francis, and sexually abused
many of the children who were in his care between 1963 and 1993. His crimes came to light
when, after his death, a large number of pornographic images of children were found hidden
behind a false wall in his home. Roughly 160 of Reardon's victims brought suit in Connecticut
state court against the Hospital (the "Reardon Litigation"). The individual complaints were
consolidated into a uniform complaint, which includes claims of corporate negligence, breach of

fiduciary or confidential relationship, breach of the special duty of care owed to children, and other state law torts.

Generally, because a duty to indemnify is based on the "facts established at trial and the theory under which judgment is actually entered in a case," *DaCruz v. State Farm Fire and Cas. Co.*, 268 Conn. 675, 688 (2004), it is often premature to issue a declaratory judgment as to the duty to indemnify before the basis for liability is established. *See Allstate Ins. Co. v. Limone*, No.HHB-CV-08-4016936, 2009 WL 5302922, at *14 (Conn. Super. Ct. Dec. 3, 2009); *accord Cambridge Mut. Fire Ins. v. Ketchum*, 2012 WL 3544885, at *7 (D. Conn. Aug. 6, 2012). Accordingly, if PEIC had asked the court to determine Travelers' duty to indemnify as to each claim, then issuing a declaratory judgment would indeed have been premature. However, the declarations sought were categorical: PEIC asked the district court in Count I to declare the Reardon Litigation did not implicate the HPL coverage, and in Count II to declare the Reardon Litigation did implicate the GL coverage. PEIC cannot now be heard to complain that the district court decided the issue on the complaint before it. Further, as the Reardon Litigation alleges only supervisory liability, we need not delve into the issue of whether, under Connecticut law, sexual assault falls outside the parameters of a professional services insurance contract, such as the HPL coverage at issue here. The policies at issue provide coverage for failure to supervise a doctor, and that suffices for a finding that the HPL coverage is implicated by the Reardon Litigation.

Leave to amend a complaint is to be freely given. Fed. R. Civ. P. 15(a)(2). A district court's denial of leave to amend is reviewed for abuse of discretion. *Thea v. Kleinhandler*, 807 F.3d 492, 496 (2d Cir. 2015). The district court acted well within its discretion when it denied PEIC leave to amend, as PEIC sought leave to change a litigation position it maintained vigorously up until the point the district court found against it.

On its cross-appeal, Travelers argues the district court erred in finding it had a duty to defend under both the GL and HPL. We need not decide here whether dual duties to defend arose under the policies, as PEIC's complaint sought a declaration that the district court "determine and declare that the Insurer Defendants owe a duty to defend Saint Francis Hospital under their respective general liability policies because the allegations are potentially within that coverage." App'x at 91. The uniform complaint alleges claims that potentially implicate GL coverage alone, and, therefore, would not be swept under the non-concurrency clause, as Travelers urges. To hold otherwise would allow Travelers to cabin all the claims under the policy with the smaller coverage amount, despite the fact that at least some of the underlying claims would likely fall under the GL part. Thus, as the uniform complaint implicated the GL duty to defend, the relief sought in Count III was appropriately granted, regardless of whether there was also an HPL duty to defend. For this reason, we also decline the Hospital's invitation to allocate defense costs between the GL and HPL parts in the first instance on appeal. The Hospital could have made a motion for such relief below, and may bring a new action if it so desires.

We have considered the remainder of each parties' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3